CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 6, 2018

LETTER TO COUNSEL

      RE:    *Mary Roxanne Crocetti v. Commissioner, Social Security Administration*;[1]
               Civil No. SAG-17-1122

Dear Counsel:

On April 24, 2017, Plaintiff Mary Roxanne Crocetti petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for disability benefits. [ECF No. 1]. I have considered the parties' motions for summary judgment, and Ms. Crocetti's reply. [ECF Nos. 17, 20, 21]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Crocetti's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Crocetti filed a claim for Disability Insurance Benefits ("DIB") on April 4, 2013, alleging a disability onset date of June 15, 2011. (Tr. 185-88). Her claims were denied initially and on reconsideration. (Tr. 116-19, 121-22). A hearing was held on November 6, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 43-88). Following the hearing, the ALJ determined that Ms. Crocetti was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-42). The Appeals Council ("AC") denied Ms. Crocetti's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Crocetti suffered from the severe impairments of anxiety disorder and affective disorder. (Tr. 22). Despite these impairments, the ALJ determined that Ms. Crocetti retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she should be expected to perform simple, routine, and repetitive tasks, but not at a production rate pace, with only occasional contact with the public, co-workers, and supervisors. In addition, she may require time off task, which would be accommodated by normal breaks.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

(Tr. 24). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Crocetti could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 37-38).

In support of her appeal, Ms. Crocetti advances a single argument: that the hypothetical the ALJ posed to the VE was deficient because it did not define the term "production rate pace." Pl. Mot. 9-13. Ms. Crocetti cites to a Seventh Circuit opinion in *Varga v. Colvin,* 794 F.3d 809, 815 (7th Cir. 2015), as support for her position.[2] Although Ms. Crocetti suggests that *Varga* was remanded for the ALJ's failure to define "fast paced production," in fact, the *Varga* court referenced that failure as just one of a series of deficiencies. *Id.* at 814-15. Moreover, even if a failure to define "fast paced production" is erroneous, that phrase is distinguishable from the phrase at issue in this case, "production rate pace." Different individuals can have different conceptions of what work is or is not "fast." In contrast, although Ms. Crocetti cites to cases using different phraseology to define "production rate pace," the import of the definitions in each case is that the work is required to be performed to meet a particular quota in a short time, or is akin to that performed on an assembly line, such that the pace of work cannot be varied by an individual employee to adjust for difficulties in concentration, persistence, or pace. *See, e.g.*, *Hall v. Berryhill*, Case No. 1:17-cv-00094-RJC, 2018 WL 1884987, at *2 (W.D.N.C. Apr. 19, 2018) (defining it as "no assembly line work or work that is measured by production quotas"); *Burton v. Comm'r, Soc. Sec. Admin.*, Civil Case No. SAG-15-3947, 2017 WL 532276, at *3 (D. Md. Feb. 9, 2017) (defining as "having 'to pace that work in a specified manner' and not perform it at 'a variable pace'"); *Chase v. Comm'r, Soc. Sec. Admin.*, Civil Case No. SAG-14-2961, 2016 WL 199410, at *3 (D. Md. Jan. 15, 2016) (defining it as "work such as would be done on an assembly line"); *Camden v. Colvin*, Civil Case No. SKG-13-1553, 2014 WL 2964992, at *2 (D. Md. June 26, 2014) (defining it as "paid by the piece or working at an assembly line"). The slight variations in wording in those cases do not indicate materially different definitions of "production rate pace."

Finally, the VE in this case expressed no confusion or uncertainty about the meaning of the ALJ's hypothetical, although the VE clarified that "[t]he DOT does not address production standards." (Tr. 83, 84). Ms. Crocetti's attorney also did not express any confusion or ask for any clarification at the hearing. (Tr. 85). While I may not go as far as the SSA in suggesting that "production rate pace" is a "term of art in the vocational profession," it is a phrase subject to a common understanding. No precedent, binding or otherwise, requires an additional definition to be presented in order for a hypothetical containing the phrase "production rate pace" to be understandable to a VE. Finally, Ms. Crocetti does not contend that there is any particular sustained pace required to perform any of the positions identified by the VE in her case. Thus, even if the failure to define "production rate pace" constituted error, it would be harmless. Accordingly, remand is unwarranted.

---

[2] Ms. Crocetti also cites to a recent opinion by Judge DiGirolamo in *Bicking v. Berryhill,* Civil Case No. TMD-16-3458, 2018 WL 1378801 (D. Md. Mar. 19, 2018). That opinion also did not hold that "fast paced production" or "production rate pace" needs to be defined by an ALJ, but simply included the *Varga* dicta in a string cite for the proposition that an ALJ "must build a logical bridge" between the evidence and his conclusion. *Id.* at *6.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, [ECF No. 17], is DENIED, and Defendant's Motion for Summary Judgment, [ECF No. 20], is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge