CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 1, 2018

LETTER TO COUNSEL

RE: *Mary Roxanne Crocetti v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-1122

Dear Counsel:

Plaintiff Mary Roxanne Crocetti filed this action seeking review of the Social Security Administration's ("SSA's") final decision to deny her claims for disability benefits. [ECF No. 1] After considering the parties' motions for summary judgment and Ms. Crocetti's reply memorandum, [ECF Nos. 17, 20, 21], on June 6, 2018, I determined that the SSA's decision was supported by substantial evidence. I thus issued a letter opinion denying Ms. Crocetti's motion and granting the SSA's motion. [ECF No. 22]. Now pending is Ms. Crocetti's Motion to Reconsider. [ECF No. 23]. I have reviewed that motion and the SSA's reply. [ECF No. 24]. For the reasons set forth below, Ms. Crocetti's motion will be denied.

Ms. Crocetti cites Local Rule 105.10 as providing authority for her motion to reconsider. Under that rule, similar to the standard for relief under Fed. R. Civ. P. 59(e), "[a] motion for reconsideration is appropriate [1] to 'correct manifest errors of law or fact or [2] to present newly discovered evidence,' or [3] where there has been an intervening change in controlling law." *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d. Cir. 1985), and *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The grounds for reconsideration are purposefully narrow to prevent the motion from being used to "'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Potter*, 199 F.R.D. at 552 (quoting *Above the Belt*, 99 F.R.D. at 101)). As Judge Grimm noted in *Wonasue v. University of Maryland Alumni Association*: "These 'rules of constraint . . . make sense when a district court is asked to reconsider its own order' because '[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience.'" Civil No. PWG-11-3657, 2013 WL 6178041, at *1 (D. Md. Nov. 22, 2013) (quoting *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452-53 (4th Cir. 2005)) (dicta) (internal quotations omitted).

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

      Ms. Crocetti does not suggest that any of those narrow grounds for reconsideration are met here, but simply disagrees with my analysis of her argument regarding the need for an Administrative Law Judge to define the term "production rate pace" to a vocational expert. To be clear, I did not determine or suggest that the SSA had taken administrative notice of vocational testimony from prior cases in deciding Ms. Crocetti's case. *See* Pl. Mot. 4. Instead, I simply cited a list of prior cases to illustrate that "production rate pace" is a phrase subject to a common understanding, such that it need not be separately defined to be evaluated appropriately by a vocational examiner. [ECF No. 22 at 2].

      Because no appropriate basis for reconsideration is present here, Ms. Crocetti's Motion to Reconsider, [ECF No. 23], is DENIED. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                             Sincerely yours,

                                                    /s/

                                             Stephanie A. Gallagher
                                             United States Magistrate Judge